THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No. 1:24-cv-06749

NY BLACK AND GOLD CORPORATION,

Plaintiff,

v.

BLACK HAIRSPRAY INC. and ROBIN LIN,

Defendants.

---

# COMPLAINT

Plaintiff NY Black and Gold Corporation ("Plaintiff") sues defendants Black Hairspray Inc. ("Black Hairspray") and Robin Lin ("Mr. Lin") (collectively the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Santa Monica, CA.

2. Black Hairspray is a corporation organized under the laws of the State of Illinois with its principal place of business located at 2444 W. 16th St., Suite #1E, Chicago, IL 60608. Black Hairspray's agent for service of process is Robin Lin, 2444 W. 16th St., Suite #1E, Chicago, IL 60608.

3. Mr. Lin is an individual who is a citizen of the State of Illinois residing at 3820 N. Ashland Ave., Unit 1N, Chicago, IL 60613.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

### I. Plaintiff's Business and History

7. Plaintiff is a premier creative social media company (see https://blackandgoldagency.com/). It creates stunning custom photography for the social feeds of brands and influencers.

8. Plaintiff provides social media management and email marketing services to companies across North America in the fashion, beauty, wellness, fitness, consumer goods, technology, and non-profit sectors.

9. Plaintiff has worked with some of the most respected names and brands in the industry, including but not limited to, Marc Jacobs, Eli Tahari, Alex & Ani, Guess, Makeup Geek, Rejuva Minerals, Tangle Teezer, Julie Vos, Hill House, Lynnban, Planted in Beauty, and Moroccanoil.

### II. The Work at Issue in this Lawsuit

#### A. The First Photograph

10. In 2017, Plaintiff created a professional photograph of Curls Blueberry Bliss

Reparative Leave in Conditioner (titled "327_Curls1385.jpg") (the "First Photograph"). A copy of the First Photograph is displayed below:

**B. The Second Photograph**

11. In 2017, Plaintiff created a professional photograph of Curls Blueberry Bliss Curl Control Paste (titled "1327_curls1402.jpg") (the "Second Photograph"). A copy of the Second Photograph is displayed below:

**C. The Third Photograph**

12. In 2017, Plaintiff created a professional photograph of Curls Blueberry Bliss Curl Control Jelly (titled "1327_Curls1664.jpg") (the "Third Photograph"). A copy of the Third Photograph is displayed below:

**D. The Fourth Photograph**

13. In 2017, Plaintiff created a professional photograph of Curls Blueberry Bliss Reparative Hair Mask (titled "1327_Curls1670.jpg") (the "Fourth Photograph"). A copy of the Fourth Photograph is displayed below:

**E. The Fifth Photograph**

14. In 2017, Plaintiff created a professional photograph of Curls Blueberry Bliss Reparative Hair Wash (titled "1327_Curls1661.jpg") (the "Fifth Photograph"). A copy of the Fifth Photograph is displayed below:

**F. The Sixth Photograph**

15. In 2017, Plaintiff created a professional photograph of Curls Blueberry Bliss Twist-N-Shout Cream (titled "1327_Curls1673.jpg") (the "Sixth Photograph"). A copy of the Sixth Photograph is displayed below:

**G. The Seventh Photograph**

16. In 2017, Plaintiff created a professional photograph of Curls Blueberry Bliss Hair Growth Oil 4 oz (titled "1327_Curls1666.jpg") (the "Seventh Photograph"). A copy of the Seventh Photograph is displayed below:

17. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, and Seventh Photograph are collectively referred to herein as the "Work."

18. The Work was registered by Plaintiff with the Register of Copyrights on April 23, 2020 and was assigned Registration No. VA-2-205-488. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

19. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III. Defendants' Unlawful Activities**

20. Black Hairspray is a hair supply e-store offering wigs, braids, extensions, weaves, and hair products to its customers.

21. Mr. Lin is the Owner and President of Black Hairspray. Mr. Lin has exclusive control over the business activities of Black Hairspray, including but not limited to the infringing

activities that are subject of this lawsuit.

22. Defendants advertise/market their business primarily through their website (https://www.blackhairspray.com/), social media (e.g., https://www.facebook.com/LoveBlackHairSpray/, https://twitter.com/BlackHairspray, https://www.instagram.com/shopblackhairspray/?hl=en, https://www.pinterest.com/bhswigs/, https://www.linkedin.com/showcase/remy-hair/, and https://www.linkedin.com/showcase/wigs-for-african-americans/), and other forms of advertising.

23. On a date after Plaintiff's above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on their website, webpage, and/or social media (at https://www.blackhairspray.com/products/curls-blueberry-bliss-reparative-leave-in-conditioner-8-oz?_pos=10&_sid=95a900506&_ss=r and https://cdn/shopify.com/s/files/1/0159/9209/4774/products/3_8494402a-b7be-491e-93cc-7c1037a2227e-600x-png?v=1636564326):



(at https://www.blackhairspray.com/products/curls-blueberry-bliss-curl-control-paste-4-oz?_pos=1&_sid=25381aed8&_ss=r and https://www.blackhairspray.com/cdn/shop/products/7_921ab6c5-3485-409d-b3db-d80c47b2b20a_1200x.png?v=1636564331):





(at https://www.blackhairspray.com/products/curls-blueberry-bliss-curl-control-jelly-8-oz?_pos=2&_sid=52eb720be&_ss=r and https://www.blackhairspray.com/cdn/shop/products/2_ab9b2834-c8bd-4136-8c75-2b614d1a212c_1200x.png?v=1636562296):



(at https://www.blackhairspray.com/products/curls-blueberry-bliss-reparative-hair-mask-8-oz?_pos=3&_sid=52eb720be&_ss=r and https://www.blackhairspray.com/cdn/shop/products/5_27fab87c-53f7-4c4b-a854-a25f5e59e212_1200x.png?v=1636564326):





(https://www.blackhairspray.com/products/curls-blueberry-bliss-reparative-hair-wash-8-oz?_pos=5&_sid=52eb720be&_ss=r and https://www.blackhairspray.com/cdn/shop/products/1_96847e5a-815b-4877-b4e0-b3fd246ed76a_1200x.png?v=1636564326):



(at https://www.blackhairspray.com/products/curls-blueberry-bliss-twist-n-shout-cream-8-oz?_pos=6&_sid=52eb720be&_ss=r and https://www.blackhairspray.com/cdn/shop/products/6_5244d42f-376f-4087-8155-2d137d86dbc4_1200x.png?v=1636564325):



(at https://www.blackhairspray.com/collections/curls-products-curls-blueberry-bliss-hair-growth-oil-4-oz):

24. A true and correct copy of screenshots of Defendants' website, webpage, and/or social media displaying the copyrighted Work, is attached hereto as **<u>Exhibit "B."</u>**

25. Defendants are not and have never been licensed to use or display the Work.

Defendants never contacted Plaintiff to seek permission to use the Work in connection with their business or for any other purpose.

26. Defendants utilized the Work for commercial use.

27. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

28. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on February 24, 2024. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

29. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

30. Plaintiff re-alleges and incorporates paragraphs 1 through 29 as set forth above.

31. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

32. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

33. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on their website, webpage, and/or social media.

34. Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

35. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

36. Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Notably, Defendants themselves utilize a copyright disclaimer on their website ("© Black Hairspray"), indicating that Defendants understand the importance of copyright protection/intellectual property rights and are actually representing that they own each of the photographs published on their website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

37. Plaintiff has been damaged as a direct and proximate result of Defendants'

infringement.

38. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

39. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

40. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

41. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's

      copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: August 1, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/_Daniel DeSouza
Daniel DeSouza, Esq.